IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JONATHAN BISHOP, AIS # 272754,** | : | |
|     **Plaintiff,** | : | |
| vs. | : | CIVIL ACTION 15-0252-WS-C |
| **REGINA BOLAR,** *et al.,* | : | |
|     **Defendants.** | : | |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72(a)(2)(R), and is now before the court following the undersigned's notification of intent to recommend summary judgment for the remaining, unserved, defendant pursuant to Fed. R. Civ. P. 56(f)(3). After a thorough review of the record and having no objections filed to the court's Notice to Recommend Summary Judgment in favor of Defendant Earl Daily, the undersigned now recommends to the presiding District Judge that summary judgment be granted, *sua sponte*, in favor of Defendant Earl Daily.

Plaintiff filed this action against Regina Bolar, William Gillis, Kelly Smith, Brian Ezell, and Earl Daily with various claims of failure to protect him. (Doc. 13). With the exception of Earl Daily, all defendants were served with the suit and answered the same. (Docs. 26, 27). The court converted the defendants' answers and special reports into a motion for summary judgment (Doc. 28), and on April 6, 2016, the undersigned entered a report and recommendation that summary judgment be granted in favor of defendants. (Doc. 37).

The report also notified Plaintiff, pursuant to Rule 56(f)(3) of the *Federal Rules of Civil Procedure*, of the court's intent to recommend summary judgment in favor of the unserved defendant, Earl Daily, on all claims raised. The court explained in its report that Plaintiff Bishop presented no additional allegations or differing facts as to his claims against Defendant Daily as those against Defendant Ezell, who was granted summary judgment. (Doc. 37 at 20-27). Thus, the court maintained that its analysis of the allegations against Defendant Earl Daily would be identical to that of Defendant Ezell, to whom summary judgment was granted. Plaintiff Bishop was notified of the court's intention to recommend summary judgment in favor of Defendant Earl Daily, and its reasoning for so doing. Plaintiff was instructed that he had fourteen days to object to the report and recommendation or the undersigned would recommend to the District Judge that summary judgment be granted in favor of Defendant Earl Daily, and a final judgment be entered in this case without trial. (*Id*. at 25-27).

The District Judge adopted the report and recommendation on May 20 2016 (Doc. 39), and to date, Plaintiff Bishop has made no objections to the report and recommendation, including the notification to enter summary judgment in favor of Defendant Earl Daily.

Therefore, with no objections having been made to the April 6, 2016 report and recommendation, the undersigned hereby incorporates by reference and adopts the analysis of the previous report and recommendation (Doc. 37) and recommends that pursuant to Rule 56(f)(3) of the *Federal Rules of Civil Procedure* summary judgment be entered in favor of Defendant Earl Daily and that Plaintiff Bishop's complaint be dismissed in its entirety.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 18th day of October, 2016.

*U.S. Magistrate Judge William Cassady*
(Digitally signed by U.S. Magistrate Judge William Cassady
DN: cn=U.S. Magistrate Judge William Cassady, o=Federal Judiciary, ou=U.S. Government,
email=efile_cassady@alsd.uscourts.gov, c=US
Date: 2016.10.18 13:09:15 -06'00')

WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE